IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| CENTRAL IOWA CARPENTERS PENSION PLAN TRUST FUND, a Trust Fund, <br><br> and <br><br> BRIAN EWING, and MARSHALL G. LINN, III, TRUSTEES OF THE CENTRAL IOWA CARPENTERS PENSION PLAN TRUST FUND <br><br> and <br><br> CENTRAL IOWA CARPENTERS MONEY PURCHASE PLAN, a Trust Fund, <br><br> and <br><br> BRIAN EWING, and MARSHALL G. LINN, III, TRUSTEES OF THE CENTRAL IOWA CARPENTERS MONEY PURCHASE PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> **RUSSELL CONSTRUCTION COMPANY, INC.** <br> **[SERVE:    James Vernon Russell** <br> **Registered Agent** <br> **4600 East 53rd Street** <br> **Davenport, Iowa 52807]** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  **No.** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Central Iowa Carpenters Pension Plan Trust Fund, a Trust Fund,

and Brian Ewing and Marshall G. Linn, III, duly appointed and acting Trustees of the Central Iowa

Carpenters Pension Plan Trust Fund who are authorized to maintain this action on behalf of the

Pension Fund and all the Trustees of the Central Iowa Carpenters Pension Plan Trust Fund, and, for their cause of action against Defendant Russell Construction Company, Inc. also known as Russell Construction Company (hereinafter referred to as "Defendant"), state:

1.      This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145.

2.      Plaintiff, Central Iowa Carpenters Pension Plan Trust Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1003.

3.      Said Plaintiff Fund was established in December 1977, pursuant to the collective bargaining agreement entered into between the Des Moines Construction Council, Inc., (hereinafter referred to as the "Council") and Local Union No. 106 of Des Moines, Iowa, and No. 1948 of Ames, Iowa of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, (hereinafter referred to as "Union").

4.      The situs of the Plaintiff Fund is the City of Des Moines, Polk County, Iowa, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Iowa and the aforementioned Federal laws.

5.      Plaintiff has served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6.     Defendant Russell Construction Company, Inc. also known as Russell Construction Company is an Iowa corporation doing business as in the State of Iowa and particularly in the Southern District of Iowa; that Defendant at all times material herein employed Carpenters performing work covered by the collective bargaining agreement herein mentioned.

7.     In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. § 151, and 29 U.S.C. § 185.

8.     At all times material herein, Defendant was bound to a collective bargaining agreement with the Union which required employee benefit plan contributions to be paid to the Plaintiff.

9.     Carpenter employees of the Defendant were employed under the terms of the collective bargaining agreement between the Defendant and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreement and to submit written reports for the hours worked during such preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10.     That the Defendant is required by Section 209 of ERISA, 29 U.S.C. § 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

11.     Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to

employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

12.     Demand has been made by said Plaintiffs to examine, inspect and audit Defendant's books and records from **January 1, 2014, to date,** for the purposes of determining the amount of contributions which should have been paid to said Plaintiff Fund during said period, but Defendant has refused to allow Plaintiffs to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

13.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

14.     Defendant is required by Section 515 of ERISA, 29 U.S.C. § 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

15.     That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.     An Order directing that an accounting be made of Defendant's books and records to

{00333662;CIC17-132;DMF }

4

determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2014, to date**; and

C.      For judgment against Defendant for liquidated damages; and

D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

H.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

I.      For judgment against Defendant for costs incurred in this action; and

J.      For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Central Iowa Carpenters Money Purchase Plan, a Trust Fund, and Brian Ewing and Marshall G. Linn, III, duly appointed and acting Trustees of the Central Iowa Carpenters Money Purchase Plan who are authorized to maintain this action on behalf of the Money Purchase Plan and all the Trustees of the Central Iowa Carpenters Money Purchase Plan, and, for their cause of action under Count II against Defendant, state:

1.      Plaintiffs, Brian Ewing and Marshall G. Linn, III, are duly appointed and acting Trustees of the Central Iowa Carpenters Money Purchase Plan who are authorized to maintain

this action on behalf of the Money Purchase Plan and all the Trustees of the Central Iowa Carpenters Money Purchase Plan; Plaintiff Central Iowa Carpenters Money Purchase Plan (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2.      Said Plaintiff Fund was established on June 15, 1976, pursuant to the pursuant to the collective bargaining agreement entered into between the Des Moines Construction Council, Inc., (hereinafter referred to as the "Council") and Local Union No. 106 of Des Moines, Iowa, of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO.

3.      Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Thirteen (13), Fourteen (14) and Fifteen (15) of Count I of the within Complaint.

4.      Demand has been made by said Plaintiffs to examine, inspect and audit Defendant's books and records from **January 1, 2014, to date,** for the purposes of determining the amount of contributions which should have been paid to said Plaintiff Fund during said period, but Defendant has refused to allow Plaintiffs to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2014, to date**; and

C.      For judgment against Defendant for liquidated damages; and

D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.      For judgment against Defendant for reasonable attorneys' fees incurred in the

{00333662;CIC17-132;DMF }

prosecution of this cause; and

      F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

      G.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

      H.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

      I.      For judgment against Defendant for costs incurred in this action; and

      J.      For such other relief as the Court may deem appropriate.


      ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.


      /s/Bradley J. Sollars
      Bradley J. Sollars, Bar No. AT0007502
      1100 Main Street, Suite 2001
      Kansas City, Missouri 64105
      (816) 421-5788
      FAX (816) 471-5574

      Attorneys for Plaintiffs